UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SAMBATH LOEUNG,<br><br>    Petitioner,<br><br> v.<br><br>KAREN ARNOLD,<br><br>    Respondent. | CASE NO. 3:25-cv-05316-JLR-GJL<br><br>ORDER TO SHOW CAUSE |

This 28 U.S.C. § 2241 federal habeas action has been referred to United States Magistrate Judge Grady J. Leupold. Petitioner Sambath Loeung, proceeding *pro se*, initiated this action challenging an immigration detainer issued by the Bureau of Immigration and Customs Enforcement ("ICE'). Dkt. 4. The filing fee has been paid. *See docket.*

It appears Petitioner is not "in custody" for the purposes of his Petition and, if so, the Court lacks jurisdiction over this action. *See* 28 U.S.C. § 2241(c)(3); *Wilson v. Belleque*, 554 F.3d 816, 821 (9th Cir. 2009). Therefore, the Court declines to direct service upon Respondent and, instead, Petitioner is **ORDERED** to **SHOW CAUSE** on or before **June 30, 2025**, why this action should not be **DISMISSED** for lack of jurisdiction.

ORDER TO SHOW CAUSE - 1

## I.   BACKGROUND

Petitioner is currently incarcerated at Stafford Creek Corrections Center pursuant to a state-court conviction and sentence entered in *State of Washington v. Sambath Loeung*, Superior Court of Washington for Lewis County Case No. 20-1-00135-21 (judgment entered Jun. 2, 2021). *See* Dkt. 4 at 1. Petitioner represents that he is subject to an immigration detainer issued by ICE, and he seeks federal habeas relief from any ICE detention and/or removal from the United States that may follow his current state confinement. *Id.* at 1–8.

The Court now reviews his Petition to determine whether it is appropriate to direct service upon Respondent at this time.

## II.   SCREENING STANDARD

Under Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules"),[1] the Court is required to perform a preliminary review of a habeas petition. Rule 4 specifically directs the Court to dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Dismissal under Rule 4 "is required on procedural grounds, such as failure to exhaust or untimeliness, or on substantive grounds where the claims are 'vague,' 'conclusory,' 'palpably' incredible,' or 'patently frivolous or false.'" *Neiss v. Bludworth*, 114 F.4th 1038 (9th Cir. 2024) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977)). Before dismissing a petition under Rule 4, however, district courts must provide habeas petitioners notice of the grounds for dismissal and an opportunity to be heard. *Race v. Salmonsen*, 131 F.4th

---

[1] The Habeas Rules are applicable to § 2241 petitions under Rule 1(b), which states "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

ORDER TO SHOW CAUSE - 2

1  792, 794 (9th Cir. 2025) (reversing *sua sponte* dismissal under Rule 4 where petitioner received

2  first notice of defect in order of dismissal).

3                                        **III.    DISCUSSION**

4          Following a preliminary review of the Petition, the Court finds that Petitioner does not

5  meet the "in custody" requirement for obtaining federal habeas corpus relief from his

6  immigration detainer. Federal habeas corpus jurisdiction is limited to petitions from persons who

7  are "in custody in violation of the Constitution and laws of the United States." 28 U.S.C. §

8  2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). That is, the "in custody" requirement

9  must be met in order for the Court to review Petitioner's federal habeas petition. *Wilson*, 554

10 F.3d at 821 ("The text of the statute makes clear, and the Supreme Court has confirmed, that

11 'custody' is a jurisdictional prerequisite to habeas review under § 2241(c)(3).") (citations

12 omitted).

13         The Supreme Court has interpreted "in custody" to mean restraint but not necessarily

14 incarceration; a person who is released on bail, for example, would still be subject to restraint

15 amounting to "in custody" for purposes of habeas corpus relief. *Maleng*, 490 U.S. at 490–91. For

16 an individual not currently detained by ICE, a final order of removal is also sufficient to meet the

17 "in custody" requirement and petition for habeas relief under § 2241. *Nakaranurack v. United*

18 *States,* 68 F.3d 290, 293 (9th Cir.1995). However, if an individual outside of ICE detention is

19 only *potentially* removable, then the person is not "in custody" for purposes of a § 2241

20 immigration petition. *See Veltmann-Barragan v. Holder*, 717 F.3d 1086, 1088 (9th Cir. 2013).

21         An immigration detainer is a request to a law enforcement agency or prison to notify the

22 United States Department of Homeland Security before it releases a noncitizen of the United

23 States upon completion of their criminal sentence so that ICE *may* take custody of a noncitizen

24

ORDER TO SHOW CAUSE - 3

and begin removal proceedings. 8 C.F.R. § 287.7. Because an immigration detainer does not mean an individual is—or certainly will be—subject to a final order of removal, the Ninth Circuit has explained, "the bare detainer letter alone does not sufficiently place [a noncitizen] in…custody to make habeas corpus available." *Garcia v. Taylor*, 40 F.3d 299, 303 (9th Cir. 1994) *superseded by statute on other grounds as stated in Campos v. I.N.S.*, 62 F.3d 311, 314 (9th Cir. 1995).

Based on the representations in his Petition, it does not appear that Petitioner is subject to a final order of removal, nor does it appear that the government has taken any steps beyond issuing an immigration detainer to effectuate his removal. If true, then the Court lacks jurisdiction to hear the Petition and this action must be dismissed. *See, e.g.,* Donmon *v. Jackson*, No. 3:24-CV-05647-BJR-TLF, 2025 WL 725203, at *1 (W.D. Wash. Jan. 30, 2025)*, report and recommendation adopted*, No. 3:24-CV-05647-BJR-TLF, 2025 WL 723662 (W.D. Wash. Mar. 5, 2025) (dismissing immigration habeas petition filed by state prisoner for lack of jurisdiction); *Lieng v. United States*, No. CV 14-02722-JAK DFM, 2014 WL 1652496, at *2 (C.D. Cal. Apr. 23, 2014 (same with regard to federal prisoner).[2]

### IV.  INSTRUCTIONS TO PETITIONER

For the above-stated reasons, the Court will not direct service of the Petition upon Respondent. Instead, Petitioner is **ORDERED** to **SHOW CAUSE** on or before **June 30, 2025,** why this action should not be **DISMISSED** for lack of jurisdiction. Petitioner is **ADVISED** that

---

[2] Petitioner is **ADVISED** that, even if the Court has jurisdiction in this action, a claim for relief from *potential* detention by ICE and *possible* removal from the United States will be premature and "[un]ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Gonzalez v. Immigr. & Customs Enf't*, No. 13-cv-04416-BRO-FFMx, 2014 WL 12605369, at *5 (C.D. Cal. Oct. 24, 2014) (quoting *Hodgers–Durgin v. de la Vina*, 199 F.3d 1037, 1044 (9th Cir. 1999)).

ORDER TO SHOW CAUSE - 4

failure to respond to this Show Cause Order by the stated deadline **MAY** result in a recommendation that this action be **DISMISSED without prejudice**.

Dated this 29th day of May, 2025.

Grady J. Leupold
United States Magistrate Judge

ORDER TO SHOW CAUSE - 5