UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAMBATH LOEUNG,

        Petitioner,

  v.

KAREN ARNOLD,

        Respondent.

CASE NO. 3:25-cv-05316-JLR-GJL

REPORT AND RECOMMENDATION

Noting Date: **July 28, 2025**

    This 28 U.S.C. § 2241 federal habeas action has been referred to United States Magistrate Judge Grady J. Leupold. Petitioner Sambath Loeung, proceeding *pro se*, initiated this action while imprisoned at Stafford Creek Correction Center challenging an immigration detainer issued by the Bureau of Immigration and Customs Enforcement. Dkt. 4.

    This matter is before the Court for review following Petitioner's failure to show cause why this action should not be **DISMISSED** for lack of jurisdiction. In particular, Petitioner has failed to demonstrate—either in his Petition or by responding to the Court's Show Cause Order—that he satisfies the "in custody" requirement for obtaining federal habeas corpus relief from his immigration detainer. Dkt. 5 (citing 28 U.S.C. § 2241(c)(3), *Maleng v. Cook*, 490 U.S.

REPORT AND RECOMMENDATION - 1

488, 490 (1989), and *Wilson v. Belleque*, 554 F.3d 816, 821 (9th Cir. 2009) ("The text of the statute makes clear, and the Supreme Court has confirmed, that 'custody' is a jurisdictional prerequisite to habeas review under § 2241(c)(3).")).

As this Court previously explained:

> An immigration detainer is a request to a law enforcement agency or prison to notify the United States Department of Homeland Security before it releases a noncitizen of the United States upon completion of their criminal sentence so that ICE *may* take custody of a noncitizen and begin removal proceedings. 8 C.F.R. § 287.7. Because an immigration detainer does not mean an individual is—or certainly will be—subject to a final order of removal, the Ninth Circuit has explained, "the bare detainer letter alone does not sufficiently place [a noncitizen] in…custody to make habeas corpus available." *Garcia v. Taylor*, 40 F.3d 299, 303 (9th Cir. 1994) *superseded by statute on other grounds as stated in Campos v. I.N.S.*, 62 F.3d 311, 314 (9th Cir. 1995).

Dkt. 5 at 3–4.

Because Petitioner, a state prisoner, is attempting to challenge his bare detainer letter, the Court lacks jurisdiction to hear his Petition. *See, e.g., Donmon v. Jackson*, No. 3:24-CV-05647-BJR-TLF, 2025 WL 725203, at *1 (W.D. Wash. Jan. 30, 2025)*, report and recommendation adopted*, 2025 WL 723662 (W.D. Wash. Mar. 5, 2025) (dismissing state prisoner's habeas petition challenging immigration detainer for lack of jurisdiction); *Lieng v. United States*, No. CV 14-02722-JAK DFM, 2014 WL 1652496, at *2 (C.D. Cal. Apr. 23, 2014) (reaching the same conclusion with regard to federal prisoner).

Accordingly, the undersigned recommends this action be **DIMISSED without prejudice** for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of

REPORT AND RECOMMENDATION - 2

*de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 28, 2025**, as noted in the caption.

Dated this 11th day of July, 2025.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3